United States District Court
Southern District of Texas
**ENTERED**
December 21, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| REIDIE JAMES JACKSON, TDCJ #01164177, | § § § § | |
| Petitioner, VS. | § § § | CIVIL ACTION NO. 3:16-CV-82 CIVIL ACTION NO. 3:16-CV-170 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Reidie James Jackson (TDCJ #01164177), is a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). He has filed two petitions for federal writs of habeas corpus under 28 U.S.C. § 2254 (Case Nos. 3:16-CV-82 and 3:16-CV-170). Each petition challenges a state court felony conviction that was entered against Jackson in 1999; Jackson pled guilty to both charges simultaneously. Because the two petitions present identical legal issues, the Court will, pursuant to Federal Rule of Civil Procedure 42(a), *sua sponte* consolidate them into the earlier case number. The Court has conducted the required review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and will **DISMISS** the consolidated petitions for the reasons stated below.

### I. BACKGROUND

Jackson simultaneously pled guilty in state court cause number 98-J-225 to a charge of assault on a public servant (the public servant was a jailer at the Matagorda

County Jail) and pled guilty in state court cause number 98-J-226 to a charge of possession of a controlled substance. On June 9, 1999, the 130th District Court of Matagorda County, Texas, sentenced Jackson to serve two concurrent three-year prison terms. Jackson did not appeal or seek habeas relief while in custody, and he served his sentences. After his release, Jackson was indicted and convicted on charges of burglary of a habitation and aggravated robbery for participating in a home invasion robbery. Jackson was sentenced in 2003 to a 30-year sentence and a 42-year sentence (it appears that the sentences are running concurrently) for his role in the home invasion; his 1999 convictions were used to enhance his punishment. Jackson unsuccessfully appealed the home-invasion convictions to the Thirteenth Court of Appeals of Texas but did not seek discretionary review from the Texas Court of Criminal Appeals. *See Jackson v. State*, Nos. 13-03-00335-CR, 13-03-00336-CR, 2005 WL 1845671 (Tex. App.—Corpus Christi Aug. 4, 2005, no pet.). He made no mention of the 1999 convictions in his appeal.

After several years passed, Jackson began collaterally attacking the 2003 burglary and robbery convictions by way of state habeas proceedings. He filed state habeas petitions on December 30, 2010; January 10, 2011; and March 28, 2011. The first two petitions were dismissed for failure to comply with procedural rules, and the third was denied on the merits. *See* Texas Court of Criminal Appeals Case Numbers WR-75,223-01; WR-75,223-02; WR-75,223-03.

Jackson then, for the first time, turned his attention to his long-expired 1999 convictions. He filed a state habeas petition challenging the 1999 assault conviction on November 12, 2015; the Texas Court of Criminal Appeals denied the petition on March

9, 2016 without issuing a written order. *See* Texas Court of Criminal Appeals Case Number WR-75,223-04. Jackson filed a state habeas petition challenging the 1999 possession conviction on January 4, 2016; the Texas Court of Criminal Appeals denied that petition on May 19, 2016, also without issuing a written order (Case Number 3:16-CV-170 at Dkt. 1, p. 4).

Jackson filed a federal habeas petition challenging the 1999 assault conviction on March 23, 2016 (Case Number 3:16-CV-82) and filed a federal habeas petition challenging the 1999 possession conviction on June 23, 2016 (Case Number 3:16-CV-170). Jackson argues that his 1999 convictions are invalid because the State "reneged" on the 1999 plea deal and held him in custody for about 75 days longer than it should have, which caused Jackson to lose a post-release job that he had lined up. Jackson further claims that he did not commit the 1999 crimes and was "bullied" and deceived into pleading guilty to them.

## II.   COLLATERAL ATTACKS ON EXPIRED CONVICTIONS

### A. The Supreme Court's *Coss* opinion forestalls Jackson's claims.

Jackson cannot show that he is entitled to relief from his 1999 convictions because the three-year sentence he received has been discharged. Ordinarily, the federal courts lack subject matter jurisdiction to determine the legality of a conviction once the sentence imposed for that conviction has completely expired. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). Mindful of the jurisdictional problem, Jackson is attempting to challenge his expired 1999 convictions on the basis that they were used to enhance the home-invasion sentences, which he is currently serving. However, the window for such challenges is

very narrow—"although federal courts may exercise jurisdiction over habeas petitions that attack expired convictions used to enhance a sentence, the Supreme Court has said that they generally do not state a cognizable legal claim." *Godfrey v. Dretke*, 396 F.3d 681, 685 (5th Cir. 2005). Indeed, the Supreme Court has only definitively set out one circumstance under which a federal habeas petition may attack an expired conviction used to enhance a sentence: when the expired conviction "was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*[.]" *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 402–04 (2001). If there is no *Gideon* violation, then a state prisoner "generally may not challenge [an] enhanced sentence through a petition under § 2254 on the ground that [a] prior [enhancing] conviction was unconstitutionally obtained." *Id.* Jackson, who was represented by counsel when he pled guilty in 1999, has not alleged a violation of *Gideon*. Under *Coss*, his claims must be dismissed.

### B. Assuming that the "first and only forum" exception exists, it does not apply.

The Court notes that some of the justices on the *Coss* Court hinted, without definitively stating, that a federal habeas petition could attack an expired conviction used to enhance a sentence if the petitioner could show that the federal habeas petition was, through no fault of the petitioner, "effectively . . . the first and only forum available for review of the prior conviction." *See Coss*, 532 U.S. at 405–06. A sister case to *Coss*,

*Daniels v. United States*, 532 U.S. 374, 383–84 (2001),[1] similarly pondered allowing attacks on expired convictions in the "rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own." But it does not appear that a "first and only forum" exception to the *Coss/Daniels* rule has ever been endorsed by a majority of the Supreme Court.[2] Justice O'Connor, who authored both *Coss* and *Daniels*, lost her bare majorities when she discussed even the possibility that such an exception existed.[3]

To further muddy the water, the justices who appeared willing to recognize a "first and only forum" exception left unsaid exactly what a petitioner would have to show in order to avail himself of it. It seems fair to say that a petitioner would have to demonstrate that he cannot properly be faulted for failing to obtain timely review of his claims regarding his expired convictions. *See United States v. Clark*, 284 F.3d 563, 566–67 (5th Cir. 2002). It also seems fair to say that the bar is extremely high. In *Coss*, for

---

[1] There is little material difference between *Coss* (which extensively cites *Daniels*) and *Daniels*. The petitioner in *Coss* was a state prisoner, while the one in *Daniels* was a federal prisoner. The opinions were issued on the same day.

[2] The Fifth Circuit has sent mixed signals, though the weight of binding authority indicates that it does not recognize a "first and only forum" exception. *Compare Brattain v. Cockrell*, 281 F.3d 1279, 2001 WL 1692470, at *2 n. 7 (5th Cir. Nov. 27, 2001) (unpublished opinion) (saying that the *Coss/Daniels* rule "is subject to two exceptions") *with United States v. Clark*, 284 F.3d 563, 566–67 (5th Cir. 2002) (recognizing that the Supreme Court did not explicitly create a "first and only forum" exception but nevertheless examining whether the petitioner could meet that "potential" exception) *and Godfrey v. Dretke*, 396 F.3d 681, 685 (5th Cir. 2005) (saying that the Supreme Court has recognized "*an* exception" to the *Coss/Daniels* rule where the expired conviction was obtained because of a *Gideon* violation and making no mention of any other potential exceptions) (emphasis added).

[3] The *Coss* Court concluded that the petitioner's expired convictions did not actually enhance his subsequent sentence, rendering any "first and only forum" exception irrelevant. *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 408 (2001). Only Chief Justice Rehnquist and Justice Kennedy joined Justice O'Connor in her statements that such an exception might be recognized under different facts.

instance, the petitioner timely filed a state habeas petition while he was still in custody for his expired convictions; and that petition sat unresolved in the state court system for almost 14 years (it was still pending when the *Coss* opinion was issued). *Coss*, 532 U.S. at 397–98. Even then, Justice O'Connor indicated that the petitioner would not have qualified for the hypothetical "first and only forum" exception if he bore any fault for the stagnancy of his state habeas petition. *Id.* at 408 ("While the reason might have been that Coss' petition slipped through the cracks, due to no fault of his own, it might also have been that Coss was responsible for requesting that the matter be brought up for a hearing[.]") (quotation marks, citations, and brackets omitted).

At bottom, assuming that the "first and only forum" exception exists, Jackson cannot make the necessary showing. The petitioner in *Coss* could at least say that he filed a timely state habeas application that sat on the judge's desk, so to speak, for 14 years—and even that might not have been enough. Jackson, on the other hand, waited until 2015—16 years—to challenge his 1999 convictions in a judicial proceeding for the first time.

Jackson argues that any delay in his pursuit of post-conviction relief should be excused because he recently procured an affidavit from a longtime acquaintance (and fellow inmate) in which the acquaintance claims to have witnessed the incident that gave rise to Jackson's 1999 assault conviction and further claims that Jackson was blameless (Case Number 3:16-CV-82 at Dkt. 17-2). Jackson argues that the affidavit constitutes both evidence of actual innocence and a previously undiscoverable factual predicate for

collateral attacks on his 1999 convictions.[4] However, the affidavit does not set out a factual predicate for any Constitutional claim of which Jackson was previously unaware. There is a material distinction between the factual predicate of a claim and evidence that supports that claim. *Flanagan v. Johnson*, 154 F.3d 196, 198–99 (5th Cir. 1998) ("Flanagan is confusing his knowledge of the factual predicate of his claim with the time permitted for gathering evidence in support of that claim."). To illustrate that distinction, Jackson's actual *grounds* for habeas relief have not changed on account of the affidavit. Jackson has known of the factual predicates of his claims for a decade and a half.

As for Jackson's argument that the affidavit establishes his actual innocence, three members of the *Coss* Court did appear open to allowing, as part of the "first and only forum" exception, attacks on expired convictions when, "after the time for direct or collateral review has expired, a defendant [obtains] compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner." *Coss*, 532 U.S. at 405. Nevertheless, the affidavit does not present "compelling" evidence of Jackson's innocence; leaving aside the question of credibility, the affiant admits that he could not hear what Jackson and the jailer said to each other, and the affidavit does not mention that Jackson struck the jailer on the arm—a fact that even Jackson himself has admitted, though Jackson claims that the contact was unintentional (Case Number 3:16-CV-82 at Dkt. 1, p. 7). More importantly, Jackson has not demonstrated that he could not have uncovered his acquaintance's testimony in a

---

[4] Jackson attempts to tie the affidavit to both convictions; but no matter how generously the affidavit is viewed, it has no connection whatsoever to the 1999 possession conviction.

timely manner. It is apparent that Jackson made no effort for 16 years to mount any challenge to his 1999 convictions, so he cannot say with a straight face that he exercised due diligence. *See id.* (citing and quoting 28 U.S.C. § 2244(b)(2)(B), which contains a due diligence requirement).

Jackson could have pursued his claims while he was in custody for his 1999 convictions, and "there is no indication that [he] did so or that he was prevented from doing so by some external force." *Daniels*, 532 U.S. at 384. Jackson's allegations do not demonstrate that he cannot properly be faulted for failing to obtain timely review of his claims regarding his expired convictions. Assuming that a "first and only forum" exception to the *Coss/Daniels* rule exists, it does not apply to Jackson's 1999 convictions. *See Clark*, 284 F.3d at 566–67.

Jackson has not stated a cognizable claim for federal habeas relief, and the Court will dismiss his petitions with prejudice.

### III. <u>CERTIFICATE OF APPEALABILITY</u>

The federal habeas corpus petitions filed in this case are governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal may proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which

requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. <u>CONCLUSION</u>

Based on the foregoing, the Court **ORDERS** as follows:

1. The Clerk is **ORDERED** to consolidate Case Number 3:16-CV-82 and Case Number 3:16-CV-170, making Case Number 3:16-CV-82 the lead case.

2. Jackson's motions to proceed *in forma pauperis* (Case Number 3:16-CV-82 at Dkt. 2; Case Number 3:16-CV-170 at Dkt. 2) are **GRANTED**.

3. All other pending motions in both cases are **DENIED AS MOOT**.

4. The habeas corpus petitions (Case No. 3:16-CV-82 at Dkt. 1; Case No. 3:16-CV-170 at Dkt. 1) are **DISMISSED WITH PREJUDICE**.

5. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on December 20, 2016.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE